## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION



**JOSEPH SMITH and JOSHUA CARNEY**                                          ~~PLAINTIFFS~~

**VERSUS**                                 CIVIL ACTION NO: _4:12CV93 CWR-FKB_

**TOWER AUTOMOTIVE OPERATIONS**
**USA, II, LLC**                                                            **DEFENDANT**

                                                                  **JURY TRIAL DEMANDED**

---

### COMPLAINT

---

This is an action to recover actual and punitive damages for violation of the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964 and for violation for 42 U.S.C. § 1981. The following facts support the action:

1.

Plaintiff, JOSEPH SMITH, is an adult resident citizen of 8719 County Road 420, Meridian, Mississippi 39301.

Plaintiff, JOSHUA CARNEY, is an adult resident citizen of 10245 Highway 145 North, Quitman, Mississippi 39355.

2.

Defendant, TOWER AUTOMOTIVE OPERATIONS USA, II,, is a Delaware corporation doing business in the State of Mississippi.  It may be served with process upon its registered agent, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising authorized by 42 U.S.C. § 1983, for violation of Title VII of the Civil Rights Act of 1964, and under 42 U.S.C. § 1981.

4.

Plaintiff Joseph Smith began working for Defendant in electrical maintenance in October 2009. Smith was a diligent and good employee. Plaintiff Joshua Carney began working for Defendant in industrial maintenance in October 2006. Carney was also a diligent and good employee. Both Plaintiffs are Caucasian.

5.

Plaintiff Smith has filed an EEOC Charge, attached hereto as Exhibit "A," and received the right to sue letter, attached hereto as Exhibit "B." Plaintiff Carney has filed an EEOC Charge, attached hereto as Exhibit "C," and received the right to sue letter, attached hereto as Exhibit "D."

6.

During the week of August 21 - 25, 2011, both Plaintiffs were present when they heard racially-discriminatory remarks being made by a supervisor, Terry Koopman. Shortly after these remarks were made, and on approximately August 25, 2011, another supervisor, Randy Griffin, came to the table where Plaintiffs were seated and Plaintiffs told Griffin about the racially-discriminatory remarks that had been made by Terry Koopman. Plaintiffs assumed that due to Griffin's supervisory position that he would report the remarks higher up in the company and did not, themselves, at that time, make a formal report. Plaintiffs believed that they had complied with their proper job duties of reporting racially-discriminatory remarks by reporting them to Randy Griffin, who, at that time, was a supervisor for Defendant and a proper person to whom to report the remarks.

7.

Up until Plaintiffs telling Griffin about the remarks, Plaintiffs had enjoyed a good relationship with Koopman and knew of nothing Koopman had against them.

8.

On September 5, 2011, Plaintiff Carney had an ill stomach and had his head laying on his desk. He was interrupted by Koopman, who accused Carney of sleeping on the job.

9.

On the same night, Plaintiff Smith was also feeling ill and attempted to call Koopman on two occasions to ask whether he could go home. Koopman, however, did not answer his radio. Koopman himself was having difficulty staying awake and reported to Plaintiff Carney that he sometimes went to his vehicle to sleep because of difficulties staying awake.

10.

Consistent with what Koopman himself was doing, Plaintiff Smith went to his vehicle because he was feeling ill and attempted to take a brief break during his lunchtime, which was from 2:00 a.m. to 2:30 a.m. Plaintiff Smith, however, slightly exceeded his break time and was confronted by Koopman, who also accused him of sleeping on the job.

11.

Thereafter, even though the alleged sleep incidents of both Plaintiffs were trivial and would not have been the subject of normal disciplinary action, Koopman reported both Plaintiffs for "sleeping on the job."

12.

Immediately following Koopman's reporting both Plaintiffs for sleeping on the job, Randy Griffin asked Plaintiffs whether they had ever reported the earlier incident concerning the racial remarks

3

by Koopman. When Plaintiffs responded that they had not made such a report, Griffin directed that they do so. Thereafter, on approximately September 14, 2011, Plaintiff Smith made a written report of the incident, attached hereto as Exhibit "E." On September 15, 2012, Plaintiff Carney made a written report of the incident, attached hereto as Exhibit "F."

13.

Thereafter, Defendant made an "investigation," and falsely charged that Plaintiffs' reporting of the racial incident was "retaliation" against Koopman. In fact, the written statements which Plaintiffs made were not "retaliatory," but were simply reducing to writing the verbal complaints that Plaintiffs had in August to Griffin. Defendant's claim that Plaintiffs made the reports in retaliation for their being caught "sleeping on the job" was pretextual.

14.

The real reason Plaintiffs were fired not because they had made any retaliatory reports against Koopman. Plaintiffs reported the racist statements to Griffin around the same time they were made. The statements were reduced to writing at a later date at Griffin's direction. Plaintiffs were fired was in retaliation for their having truthfully reported racially-discriminatory remarks made by Koopman.

15.

Both Plaintiffs have suffered lost income and mental anxiety and stress as a result of Defendant's actions.

## **REQUEST FOR RELIEF**

Plaintiffs requests actual and punitive damages in an amount to be determined by a jury, reinstatement to their previous positions and reasonable attorneys' fees.

Respectfully submitted, this the 4th day of May, 2012.

Respectfully submitted,

WAIDE & ASSOCIATES, P.A.


BY:_____
        JIM WAIDE (MSB #6857)


WAIDE & ASSOCIATES, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI  38802
TELEPHONE: 662/842-7324
FACSIMILE: 662/842-8056
EMAIL: waide@waidelaw.com

ATTORNEYS FOR PLAINTIFFS