**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JOSEPH SMITH and JOSHUA CARNEY**                    **PLAINTIFFS**

**v.**                                    **CIVIL ACTION NO. 3:13-CV-00967-CWR-FKB**

**TOWER AUTOMOTIVE OPERATIONS,**                    **DEFENDANT**
**USA, 1, LLC**

<u>**ORDER**</u>

This cause comes before the court upon the defendant's motions *in limine*. Upon due consideration, the court is ready to rule.

<u>Defendant's First Motion *in Limine*</u>

Defendant's First Motion *in Limine* [Docket No. 55] seeks to include the Equal Employment Opportunity Commission's (EEOC) Pre-Determination Interview and Determination, which notes that the "EEOC is unable to conclude that the information obtained establishes violations of the statutes." Docket No. 56, at Exhibit A. The Court finds that the motion will be denied.

District courts have "discretion to exclude relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 201 (5th Cir. 1992) (citing Fed. R. Evid. 403). The Fifth Circuit has previously found that investigative reports and files of the EEOC are highly probative and thus admissible. *See Smith v. Universal Servs., Inc.*, 454 F.2d 154, 157 (5th Cir. 1972) ("We think . . . that to ignore the manpower and resources expended on the EEOC investigation and the expertise acquired by its field investigators in the area of discriminatory employment practices would be wasteful and unnecessary."). This Court also has adhered to this precedence. *See Hamlin v. Miss. Dept. of Health*, No. 3:09cv749 (S.D.

Miss. May 9, 2011) (order granting in part and denying in part motion *in limine*); *Phillips v. Nissan North America, Inc.*, No. 3:11cv104, 2012 WL 2254274, at *1 n.2 (S.D. Miss. June 14, 2012); *see also Richardson v. Miss. Dept. of Human Serv.*, No. 3:10cv198, 2012 WL 568285, *5, n.5 (S.D. Miss. Feb. 21, 2012) (explaining that determination letters can have probative value but that the EEOC's findings are not dispositive on the claims submitted to the jury).

However, all EEOC investigations and resulting determination letters are not created equal. *Smith*'s holding, for example, has been distinguished by cases such as *Cortes*, where the Fifth Circuit upheld the district court's decision to exclude the EEOC's findings because the EEOC's determination was found to be "conclusory." *Cortes*, 977 F.2d at 202 (stating that the EEOC's findings in this case were "unlike the detailed evidentiary statements and findings of fact found by [the Fifth Circuit] to be highly probative" in cases like *Smith*).The Pre-Determination Interview Defendant seeks to admit concludes that the EEOC "investigation failed to show CP [Joshua Carney] was discharged in retaliation"; therefore "[a] no cause is being recommended." *See* Docket No. 55, at Exhibit A. But, as Carney notes in his response, the EEOC investigation consisted of primarily a review of documentation provided by Tower. *See* Plaintiff's Response to Defendant's First Motion *in Limine*, Docket No. 64, at 3. Apparently, as memorialized in the agency's case log, there was only one conversation between the EEOC and Carney:

> CP [Carney] returned call, discussed R's [Tower's] P.S. [Position Statement], including all witness statements. CP denies he was asleep in the CMM room.  He told the truth about sup's [Supervisor's] comments.  Informed CP the witnesses did not support his allegation.  Informed CP will contact R's H.R. manager about other charges.

Docket No. 64-1, at Exhibit 1(Case Log). In this instance, the Court agrees with the assessment by the Court in the Eastern District of Tennessee:

> EEOC determinations are not homogenous products; they vary greatly in quality and factual detail. Because of that there is a danger of unfair prejudice and the possibility that the time spent in exposing the weaknesses of the EEOC report would add unduly to the length of the trial. Because of such concerns, a district court may categorically refuse to admit EEOC cause determinations at trial. Categorical refusal aside, the Court concludes that the EEOC determination has little probative weight and a possibility of great prejudice. A jury could attach undue weight to the 'No Cause Finding' and view it as a suggestion there was no retaliation, as opposed to merely finding that the agency found no probable cause.

*Wright v. Columbia Sussex Corp.*, No. 3:06cv190, 2088 WL 972699, at *1 (E.D. Tenn. April 7, 2008) (quotations and citations omitted). Moreover, the determination letter issued in this case is astoundingly weak, as it merely finds that "[b]ased upon its investigation, the EEOC is *unable to conclude* that the information obtained establishes violations of the statutes." Docket No. 55-1 (emphasis added). "There is *little probative value* in the EEOC's conclusory statements regarding the same evidence [to be presented to the jury]." *Cortes v. Maxus Exploration Co*., 758 F. Supp. 1182, 1184 (S.D. Tex. 1991) *aff'd*, 977 F.2d 195 (5th Cir. 1992) (quoting *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1105 (8th Cir.1988)). For these reasons, the Court concludes that the probative value of the EEOC's pre-determination interview and determination here is substantially outweighed by their prejudicial effect. The motion *in limine* will be DENIED.

<u>Defendant's Second Motion *in Limine*</u>

Defendant's Second Motion *in Limine* [Docket No. 57] seeks to include the Mississippi Department of Employment Security's (MDES) Discharge Questionnaires for Plaintiffs Smith and Carney. Defendant also asks the Court to recognize these documents as self-authenticating under Rule 902 of the Federal Rules of Evidence. The questionnaires are purportedly filled out by investigators with the Mississippi Department of Employment Security based upon telephone conversation with claimants (in this instance Carney and Smith). They are not transcripts of the recorded conversation; they are notes prepared by an investigator. Any statements made are the

interpretation of the recorder. It is not a record of the actual conversation, nor has either plaintiff adopted or ratified the statements attributed to them. In fact, each denied at his deposition that he made the statements attributed to him. Plaintiffs have not affirmed, adopted, or ratified the statements by their signatures (or signed the document as being a representation of what they allegedly said). They do not meet the threshold requirements set forth in Fed. R. Evid. 801(d)(1) and 801(d)(2) as defendant suggests.  They are simply notes of the investigator. For these reasons, the motion will be DENIED.

Defendant's Third Motion *in Limine*

Defendant's Third Motion *in Limine* [Docket No. 58] seeks to prohibit Plaintiffs from making any references to watermelon because it is not relevant to this case. *See* Fed. R. Evid. 401. The Court agrees. The only alleged statement that caused Plaintiffs to believe that the supervisor might have been engaged in discriminatory banter concerned his reference to "chicken and ribs." The fact that counsel for Plaintiffs believes that other words might carry stereotypical baggage does not mean those words should be mentioned or referred to in this trial. In the context as presented through this motion, such references are not relevant and thus not admissible.  Moreover, even if relevant, the Court finds that such relevance is substantially outweighed by its prejudicial effect. Therefore, this motion is GRANTED.

Defendant's Fourth Motion *in Limine*

Defendant's Fourth Motion *in Limine* [Docket No. 60] seeks to preclude Plaintiffs from making improper religious references and committing emotional outbursts during trial.  In response, counsel for Plaintiffs assure this Court that they will abide by the admonition given by Judge Mills in *Whitfield v. Harris*, 474 F. Supp. 2d 822 (N.D. Miss. 2007)—wherein Judge Mills prohibited counsel from mentioning religious references in a way that could mislead or unfairly

prejudice the jury, unless such reference was probative of an issue raised at trial—with which this Court agrees. *See also Brockington v. Circus Mississippi*, Inc., No. 2:07cv1, 2008 WL 5255814, at *1 (N.D. Miss. Dec. 16, 2008).

With respect to reining in counsel's emotions, the Court again follows the lead of Judge Mills and denies the motion. *See Parks v. Miss. Dept. of Transp.*, No. 1:04cv240, 2006 WL 2483484 (N.D. Miss. Aug. 25, 2006). However, counsel are warned that should the Court believe that their emotions have prejudiced the jury in any way, the Court will be prepared to offer curative instructions. For these reasons, the Court will GRANT IN PART the motion *in limine*.

<u>Defendant's Fifth Motion *in Limine*</u>

Defendant's Fifth Motion *in Limine* [Docket No. 72] seeks to exclude references to claims already dismissed by this Court in its Memorandum and Order on December 3, 2013. Defendant argues that "allowing evidence and argument of retaliation for Plaintiff[s'] sleep-related suspension will be confusing to the jury and would be prejudicial to Defendant because it would cause Defendant to have to defend against a claim that has already been dismissed." Docket No. 73, at 3. *See also* Fed. R. Evid. 403. In response, Plaintiffs contend that in order to give the full context and background of the charge and the claim which will be tried, there must be *some* testimony/evidence regarding the dismissed claim. The Court finds Plaintiffs' argument to be persuasive. But, the Court notes that any such testimony will be limited, and any unnecessary extensive detail on the issues which have been decided may result in the Court giving preliminary or cautionary instruction(s) to the jury regarding the Court's dismissal of the other claims. With that said, the Court defers ruling on this motion and will take up this matter with counsel before any such evidence is presented to the jury.

Defendant's Sixth Motion *in Limine*

Defendant's Sixth Motion *in Limine* [Docket No. 74] seeks to limit evidence regarding Plaintiff Joshua Carney's claim for back pay and front pay. In addressing this motion, the Court points the parties to Judge Aycock's analysis of a related issue in *Cristadoro v. Sally Beauty Supply LLC*, No. 1:11cv55, 2012 WL 1715120, at *5 (N.D. Miss. May 14, 2012):

> In a case such as this, the plaintiff is required to use reasonable diligence to obtain substantially equivalent employment. The employer has the burden of proving that a claimant has not exercised due diligence in seeking comparable employment after an unlawful discharge. To meet this burden, an employer must demonstrate that comparable work was available and that the claimant did not seek it out. In this case, the Court has reviewed the parties' respective arguments on Plaintiff's alleged failure to mitigate her damages and is of the opinion that summary judgment on this fact-intensive issue is inappropriate, and that presentation of proof at trial will allow for a more informed decision.

*Id.* (citations and quotation marks omitted). As Judge Aycock ruled, the Court finds that the issue of mitigation of damages as it relates to back pay in this case is a fact-intensive issue that will be submitted to the jury, and appropriate jury instructions will be provided. Plaintiff has the burden of proof on this issue, and he must be given the opportunity to prove same.  With respect to front pay, this is an equitable issue to be determined by the Court so there is no need to have the jury to consider any evidence. The Court will consider this issue after the jury has returned a verdict. *See Julian v. City of Houston, Tex.*, 314 F.3d 721, 728 (5th Cir. 2002); *Brown v. Miss. Dept. of Health*, 3:11cv146, 2012 WL 5381352, at *6 (S.D. Miss. Oct. 31, 2012).Therefore, this motion is DENIED.

It is, therefore, **ORDERED AND ADJUDGED** that the Defendant's First and Second Motions *in Limine* shall be **DENIED;** that the Defendant's Third Motion *in Limine* shall be **GRANTED;** that the Defendant's Fourth Motion *in Limine* shall be **GRANTED IN PART**; that

the Defendant's Fifth Motion *in Limine* shall be **DEFERRED**;  and that the Defendant's Sixth

Motion *in Limine* shall be **DENIED**.